UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
BRUCE MCPHAIL                                             16-cv-4079

                           Plaintiff,                          **COMPLAINT**

  -against-                                                 **JURY DEMAND**

CITY OF NEW YORK AND POLICE
OFFICERS "JOHN DOES # 1-6"
(the name John Does being fictitious as
their true names are presently unknown),

                           Defendants.
------------------------------------------------------x

     Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants City of New York and Police Officers "John Does #1-6" (collectively "defendants") upon information and belief alleges as follows:

## INTRODUCTION

     1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the City and State of New York]. The claims arose from an incident which occurred on or about July 16, 2015. During the incident, the City of New York and members of the New York City Police department ("NYPD") subjected plaintiff to, among other things, false arrest and imprisonment, excessive force, unlawful search and seizure, assault and battery, fabricated evidence, conspiracy, abuse of process and harassment.

     2. Plaintiff seeks compensatory and punitive damages, declaratory relief, and an award of

costs and attorney's fees for the violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because some of the acts in question occurred in Kings County.

## PARTIES

6. Plaintiff, a black male, is a resident of Brooklyn, Kings County, State of New York.

7. Defendant City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Upon information and belief and at all times relevant herein defendants "John Does # 1-6" were police officers employed by defendant City of New York.

9. Plaintiff is suing the defendant officers in their individual and official capacities.

## STATEMENT OF FACTS

10. The following is a summary set forth for the purpose of demonstrating and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident described below.

11. On July 16, 2015, at approximately 6:00 a.m. at 180 Powell Street, #12E, Brooklyn, New York, several police officers, including Police Officers John Does # 1-6, committed the following illegal acts against plaintiff.

12. Plaintiff was asleep inside his home located at 180 Powell Street, #12E, Brooklyn, New York, when Police Officers John Does # 1-6 unlawfully entered his home without an arrest or search warrant, reasonable suspicion, or probable cause that plaintiff had committed any crime and falsely arrested plaintiff.

13. Defendant officers broke into plaintiff's home, damaging his front door.

14. Once inside, defendant officers drew their guns at plaintiff.

15. The officers grabbed plaintiff, twisted his arms and handcuffed him. The cuffs were placed excessively tight on plaintiff's wrists causing him severe pain.

16. Thereafter defendant officers unlawfully searched plaintiff's home for more than two hours.

17. During the search, defendant officers damaged plaintiff's personal property, including electronics, furniture and clothing. The officers tossed the whole of plaintiff's apartment. They left a big hole on the door of plaintiff's apartment.

18. Defendant officers recovered no narcotics, weapons, illegal instrumentalities and/or

contraband at 180 Powell Street, #12E, Brooklyn, New York.

19. Defendant officers searched plaintiff at 180 Powell Street, #12E, Brooklyn, New York and recovered no narcotics, weapons, illegal instrumentalities and/or contraband from plaintiff.

20. Besides plaintiff's home, about three other apartments located within plaintiff's building were also raided by defendants and other police officers.

21. Plaintiff was placed in a police van and was driven around with other arrestees for about two hours before he was finally brought to the 73rd Precinct in Brooklyn.

22. At the Precinct, plaintiff was again thoroughly searched, processed and detained by defendants.

23. After being detained for many hours, plaintiff was issued a Desk Appearance Ticket (DAT) by defendants and thereafter released.

24. The defendants falsely and maliciously represented to the Kings County District Attorney's Office that plaintiff had committed a crime.

25. Based on false information provided to the District Attorney's Office by defendants, plaintiff was charged with criminal possession of a controlled substance. Plaintiff was informed by his criminal attorney that the defendant officers had claimed to have found some illegal substance in a shoe box.

26. Plaintiff attended court numerous times before the matter was adjourned in contemplation of dismissal. The case was finally dismissed on April 7, 2016.

27. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incident.

28. The defendant officers did not observe plaintiff engage in suspicious, unlawful or

criminal activity at any time prior to or during the above incident.

29. At no time prior to or during the above incident were the defendant officers provided with information or in receipt of any credible or objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

30. That each and every officer who responded to and/or was present at the location of plaintiff's arrest and/or at the precinct or facility knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

31. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

32. Plaintiff suffered physical injuries, including cuts and bruises on his wrists. Moreover, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, loss of liberty, psychological trauma, pain, financial loss, property damage, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

33. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

34. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

35. Plaintiff has no other adequate remedy at law but for this action.

## AND AS FOR A FIRST CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

36. Plaintiff reiterates paragraphs 1 through 35 and incorporates such by reference herein.

37. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

38. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A SECOND CAUSE OF ACTION:
## 42 U.S.C. § 1983 - CONSPIRACY

39. Plaintiff reiterates paragraphs 1 through 38 and incorporates such by reference herein.

40. Defendant officers acting under color of law, conspired with one another to deprive plaintiff of his constitutional rights, including the rights: to be free from false arrest and false imprisonment.

41. In furtherance of the conspiracy and in order to cover up their illegal conduct, defendants fabricated and contrived false criminal charges against plaintiff.

42. Defendant officers submitted false police reports and statements to support and corroborate the fabricated charges lodged against plaintiff.

43. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

44. Plaintiff reiterates paragraphs 1 through 43 and incorporates such by reference herein.

45. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

46. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

47. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs, guns and/or other illicit activities.

48. As testified by one Detective Stephen Anderson in 2011, it is a common practice within the NYPD to plant narcotics and/or illegal drugs -- commonly known within the NYPD as "flaking" -- on innocent persons in order to meet arrest quotas.

49. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

    (c)    The duty to properly review the information received from informants before

7

      seeking the issuance of warrants for the search and/or arrest of individuals;

(d)    The duty to act reasonably in the execution of search warrants at the homes of residents.

50. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

51. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

52. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

## AND AS FOR A FOURTH CAUSE OF ACTION

53. Plaintiff reiterates paragraphs 1 through 52 and incorporates such by reference herein.

54. By arresting, detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, and assaulting him, the Defendant Officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

55. In addition, the defendant officers conspired among themselves to deprive plaintiff of

his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

56. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

57. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

## AND AS FOR A FIFTH CAUSE OF ACTION - PROPERTY DAMAGE

59. Plaintiff reiterates paragraphs 1 through 58 and incorporates such by reference herein.

60. The defendants destroyed various household property and belongings of plaintiff.

61. As a result of the acts of defendants described above, plaintiff suffered property damage herein before stated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
July 22, 2016

                                LAW OFFICE OF PHILIP AKAKWAM, P.C.

                                By:           /s/
                                      Philip Akakwam, Esq.
                                      Attorneys for the Plaintiff
                                      303 Livingston Street, 2nd Floor
                                      Brooklyn, N.Y. 11217
                                      (718) 858-2488

16-cv-4079

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BRUCE MCPHAIL

                          Plaintiff

   -against-

CITY OF NEW YORK AND
POLICE OFFICERS "JOHN DOES #1-6"
(the names John Does being fictitious as their
true names are presently unknown)

                          Defendants.

---

# COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

_____